IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LINDA MEISSNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-694 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

This case arises out of a homeowner's insurance coverage dispute and was originally filed in state court and removed to this Court on November 2, 2006. Now before the Court is Plaintiff's Motion to Remand. For the reasons stated below, Plaintiff's Motions is **GRANTED**, and this case is **REMANDED** to the 344th Judicial District of Chambers County, Texas.[1]

**I. Background**

This case was filed in Chambers County on September 22, 2006, against Defendants Allstate Texas Lloyds ("Allstate"), Terry Greenwell, Allen Holman, Jeremy Nayfa, Lisa Hun, and Skyetec Environmental Diagnostic Services, Inc. ("Skyetec").[2] The case was removed by Allstate who asserts that Plaintiff fraudulently joined Defendants Greenwell, Holman, Nayfa, Hun, and Skyetec, all Texas residents, in order to defeat diversity. Plaintiff argues that those non-diverse Defendants were properly joined,

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize such publication.

[2] Greenwell, Holman, Nayfa, and Hun are Allstate adjusters, and will be referred to as the "Adjuster Defendants." Skyetec was a company that performed environmental testing of Plaintiff's property.

that complete diversity does not exist, and that this Court has no jurisdiction and should remand the case.

Plaintiff was the owner of an Allstate homeowner's insurance policy when her house suffered damage as a result of Hurricane Rita.[3] In October, 2005, one of Allstate's adjusters, Chris Kriedley, was sent to evaluate the damage to Plaintiff's home. Plaintiff gave pictures of the damage to Kriedley, who allegedly advised her that the damages warranted a payment of the policy limits on the dwelling. Following Kriedley's inspection, another Allstate adjuster, Jeremy Nayfa, contacted Plaintiff by phone. Though he never inspected the home, he denied payment for damages to the home's air conditioner. Nayfa told Plaintiff that mold remediation in her home would take no longer than forty-eight hours when it in fact took much longer.

In November, 2005, another Allstate adjuster, Jackie Frazer, was sent to inspect the property again. Ms. Frazer allegedly allowed Plaintiff to begin repairs on her home, and represented that Allstate would pay the costs associated with the repairs. After Ms. Frazer's representations, Plaintiff retained a construction contractor to tear out and repair the property. After the construction company began its work, Plaintiff was informed that all of her information had been stolen from Ms. Frazer's vehicle, that she had been terminated, and that another adjuster would be assigned to her claim.

A fourth Allstate adjuster, Terry Greenwell, was sent to the home for an inspection. Mr. Greenwell told Plaintiff that the claim would be taken care of within two weeks. Three and half weeks later, Mr. Greenwell informed Plaintiff that she would be

---

[3] The factual summary included in this Order is based on Plaintiff's allegations. The Court is not making a determination at to the veracity of those allegations. Rather, it is presenting in the light most favorable to Plaintiff, a standard which is appropriate given Defendant's burden of proving fraudulent joinder more extensively outlined below.

receiving a final check for around $13,000 to cover her damages. Plaintiff disputed this resolution, and Greenwell came back to her house again. At that time, Greenwell told her that Ms. Frazer did not have the authority to approve repairs, and Plaintiff should not have begun construction.

Yet another Allstate adjuster, Allen Holman was assigned to handle the contents portion of Plaintiff's claim. Plaintiff alleges that the payment for contents was insufficient to cover her damages. Since Plaintiff had to leave her home due to the severity of the damage, Allstate assigned Lisa Hun to handle Plaintiff's claim for additional living expenses. According to Plaintiff, Ms. Hun repeatedly failed to submit the payments, causing Plaintiff to become two months behind on her rent.

Plaintiff's Complaint alleges that the negligence and misrepresentations of this series of adjusters led to gross underpayment for damages to her property that should have been covered by her Allstate policy.

## II.  Legal Standard

Absent an express provision to the contrary, a defendant can remove a state-court action to federal court only if the suit could have been filed originally in the federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Because Plaintiff's claims arise under Texas law, diversity is the only possibility for federal jurisdiction. The federal diversity statute provides the district courts with jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. *See* 28 U.S.C. § 1332(a).[4] The jurisdictional statute has long been interpreted to mandate a rule of "complete diversity," meaning that the diversity statute "applies only to cases in which the

---

[4] All Parties agree that the amount in controversy exceeds $75,000.

citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (1996) (citing *Strawbridge v. Curtis*, 7 U.S. (2 Cranch) 267, 2 L. Ed. 435 (1806)).  Generally, the plaintiff's complaint must allege facts showing that complete diversity exists.  *See, e.g., Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

The district court may discount non-diverse defendants if the removing party can show that the plaintiff fraudulently joined these defendants.  In order to prove fraudulent joinder, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)).  "The removing party carries a heavy burden when attempting to prove fraudulent joinder."  *Id.* (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)).

Here, Allstate does not allege fraud in Plaintiff's pleading of jurisdictional facts, so the operative inquiry is whether there is any possibility that Plaintiff will be able to establish a cause of action against the non-diverse Defendants in state court.  All issues of fact and of uncertain state law are resolved in favor of Plaintiff.  *See Cavallini*, 44 F.3d at 259 (citing *Green*, 707 F.2d at 205).  The Court may consider evidence similar to that used for summary judgment analysis in evaluation of the claims against non-diverse defendants.  *See id*. at 263.  However, the Court will not consider "whether the plaintiff will actually or even probably prevail on the merits of the claims," but only the

"possibility that the plaintiff might do so." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). If the district court determines that the plaintiff did not fraudulently join the non-diverse defendants, it must remand the case for lack of subject matter jurisdiction.

### III. Analysis

Allstate argues that the Adjuster Defendants and Skyetec have been fraudulently joined since Plaintiff has no possibility of recovering against any of them in state court.[5] Plaintiff disputes this and argues that she has a viable cause of action against the adjusters pursuant to the Texas Insurance Code.[6] Allstate concedes that a cause of action can exist against an adjuster defendant under Chapter 542 of the Texas Insurance Code, otherwise known as the Unfair Claim Settlement Practices Act. However, Allstate's sole argument for fraudulent joinder is that Plaintiff has not presented adequate factual allegations.

The Court respectfully disagrees with Allstate. In fact, the Court notes that Plaintiff's Original Petition includes substantially more in terms of factual allegations than many initial pleadings seen in this Court. For example, Plaintiff's Original Petition states:

> Despite proper notice and despite attempts to comply with the requirements of the policy of insurance, the Defendants Allstate and the individual adjuster, Terry L. Greenwell, did not conduct a reasonable inspection of the premises and/or make reasonable attempts to pay benefits due and owing under the policy of insurance at issue. These Defendants only denied and/or intentionally minimized the claim, in part, for no reasonable basis. Adjusters of Allstate claimed to have "investigated" Plaintiff's claims.

---

[5] Allstate argues, and Plaintiff does not dispute, that it is a citizen of Illinois and Virginia. Despite Plaintiff's Original Petition, which asserts that Allstate is a Texas corporation, the Court assumes, for purposes of this Motion only, that Allstate is not a Texas resident and is diverse from Plaintiff.
[6] Plaintiff makes scant mention of Skyetec, and since their presence or lack thereof does not change the analysis of this Motion, the Court will not analyze the possibility of recovery against it.

> These Defendants, however, made no attempts to completely repair this loss properly.

(Pl.'s Original Pet. at 2-3.)  Plaintiff is not required to marshal all of her evidence in her Original Petition, and this is more than enough to show a possibility of recovery against the Adjuster Defendants.  Accordingly, they were properly joined, and there is not complete diversity in this case.

## IV.  Conclusion

Because Allstate has not shown that Plaintiff has no possibility of establishing a cause of action against the adjuster defendants in state court, Plaintiff's Motion to Remand is **GRANTED**.  This case is **REMANDED** to the 344th Judicial District Court of Chambers County, Texas.  Any and all pending motions are hereby left to the discretion of the state court.  Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 14th day of February, 2007 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge